UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARISHMED DESE, <br><br> Plaintiff, <br><br> v. <br><br> LOGANSPORT POLICE DEPT., et al., <br><br> Defendants. | Case No. 3:25-CV-249-CCB-SJF |

## OPINION AND ORDER

Before the Court is Defendants Logansport Police Department, Brad Miller, and Clayton Frye's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. (ECF 20). Also before the Court is Defendants Indiana Excise Police, Tyler Miller, and Ricki's Motion to Dismiss for Failure to State a Claim. (ECF 22). For clarity, the Court will refer to the Logansport Police Department, Brad Miller, and Clayton Frye as the "Logansport Defendants" and the Indiana Excise Police, Tyler Miller, and Ricki as the "State Defendants." Based on the applicable law, facts, and arguments, the motions to dismiss are **GRANTED**.

**I.   RELEVANT BACKGROUND**

The facts as alleged in Plaintiff Arishmed Dese's complaint are difficult to interpret. Plaintiff alleges that he was working with the Logansport Police Department ("LPD") and the Indiana State Excise Police ("IESP") as a confidential informant in 2024 and 2025. (ECF 1 at 5); (ECF 21 at 1). He says that he was "spying on" "a dangerous group of Haitian people" and assisting police in investigating "suspected human

traffickers, suspected people dealing in prostitution, and suspected people dealing in illegal gambling." (ECF 1 at 6). In January 2025, Plaintiff's identity as a confidential informant was revealed to the group of Haitians that he was spying on. (*Id.* at 5).

Plaintiff filed a pro se complaint on March 13, 2025, alleging Defendants LPD, Brad Miller, Clayton Frye, IESP, Tyler Miller, and Ricki violated 18 U.S.C. §§ 1512 and 1513. Plaintiff also seems to be bringing claims of negligence, breach of contract, and violations of his First Amendment Freedom of Expression. For relief, he asked the Court to award him "a compensation of $50,000,000," an additional "$5,000 U.S. Dollars every week as we wait for the final judgment," and to order "the defendants to bring the recording of 1/30/2025." (ECF 1 at 5-6). On April 28, 2025, Defendants LPD, Brad Miller, and Clayton Frye filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6). (ECF 20). The next day, on April 29, 2025, Defendants IESP, Tyler Miller, and Ricki filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF 22). The motions to dismiss assert that Plaintiff does not state any claims for which relief can be granted.

**II.    STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action,"

2

and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The court, however, is "not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

### III. ANALYSIS

Plaintiff alleges federal question jurisdiction on the basis that Defendants violated 18 U.S.C. §§ 1512 and 1513. Title 18 of the United States Code sets forth various federal crimes and criminal procedures. Section 1512 prohibits tampering with witnesses, victims, or informants and Section 1513 prohibits retaliating against witnesses, victims, or informants. 18 U.S.C.A. §§ 1512, 1513. Plaintiff is a private citizen

and lacks standing to bring criminal charges against Defendants. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The Court construes Plaintiff's complaint liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* litigants are not exempt from complying with the rules of civil procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

In construing Plaintiff's complaint liberally, the Court will analyze Plaintiff's First Amendment Freedom of Expression claim and the failure to supervise claim as if they were brought under 42 U.S.C. § 1983. Plaintiff also brings claims under Indiana law, which will be addressed after the federal claims.

### A.    Logansport Police Department and Indiana State Excise Police

Section 1983 allows a plaintiff to bring suits against any person who, acting under the color of law, deprives the plaintiff of "any rights, privileges, or immunities secured by the Constitution and the laws." 42 U.S.C. § 1983. A defendant must therefore be a "person" under Section 1983 to be suable. Defendants argue that neither the LPD nor the IESP are suable entities under Section 1983. (ECF 21 at 2); (ECF 23 at 3). Defendants are correct.

The LPD is a police department and Indiana police departments are not suable entities under Section 1983. *Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997) (noting that Indiana municipal police departments lack capacity to be sued). The IESP, on the other hand, is a state agency which is an arm of the state of Indiana. States "are not 'persons' within the meaning of Section 1983 and so cannot be sued under that section." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65–66 (1989). Thus, neither LPD nor IESP can be sued under Section 1983. Defendants' motions to dismiss are **GRANTED** as to all claims against LPD and IESP.

The Court will now turn to the claims against Defendants Tyler Miller, Brad Miller, Clayton Frye, and Ricki.

### B.     First Amendment Freedom of Expression

Plaintiff alleges the following,

> 5. The act of exposing my identity as a confidential informant has taken away my First amendment of "Freedom of Expression." This comes as a result to where I have changed my hair color to black and cut it short in order to change my looks For safety of my life. I have always colored my hair blond For over 5 years but now I ended up changing it back to black, so I should not be easily recognized by the suspected criminals whom I was snitching on.

(ECF 1 at 7). The Logansport Defendants argue "[t]o the extent Mr. Dese alleges a constitutional violation and brings such a claim under 42 U.S.C. § 1983, Mr. Dese does not allege any personal involvement in any decision to cut or dye his hair; he—rather than any defendant—decided to dye and cut his hair." (ECF 21 at 6). The State Defendants raise a similar argument, arguing "even if a personal choice of hair color is a

protected right of privacy or expression, Dese's claim fails to allege state action necessary to plead a cognizable First Amendment claim." (ECF 23 at 4).

In his responses to Defendants' motions to dismiss, Plaintiff contends that Defendants intentionally deceived the Court and intended to compromise the reality and facts of this case. (ECF 35 at 1); (ECF 34 at 1). Plaintiff argues that "there is no attachment of my freedom of expression with my hair style or color within my complaint" because "the statement ended with a full stop and the next statement which came after that was on a different line and starting with a capital later (*sic*) 'T,' which means it is a statement of its own." (ECF 35 at 2). He attached several exhibits to his response and argues that his Freedom of Expression claim was not about the fact he changed his hair style. Rather, he argues, it is regarding the fact that he used to post on YouTube and Facebook and "[a]fter my cover was compromised, I have no was (*sic*) to speak for a few good Haitian[s] facing discrimination challenges, as I am already an enemy to them." (*Id.* at 3). Plaintiff then asked the Court to impose sanctions on all Defendants and deny Defendants' motions to dismiss. (*Id.* at 4); (ECF 34 at 2).

The Court will first address Plaintiff's request for sanctions and then turn to the merits of his First Amendment claim.

"[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). Plaintiff brings a First Amendment claim and then within the same paragraph, in the very next sentence, explains that his freedom of expression "comes as a result to where" he

6

changed his hair. (ECF 1 at 7). Defendants seem to have interpreted Plaintiff's complaint in good faith and by reading Plaintiff's complaint as it is written. There is no support for Plaintiff's allegations that Defendants were acting in bad faith, "intending to make [Plaintiff] look ignorant," attempting to "manipulate justice," or trying to "disrespect the law." (ECF 35 at 2, 4). "[S]anctions are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." *Hartmax Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (quotation marks omitted). This is not a situation where sanctions are warranted. Thus, Plaintiff's request that the Court sanction Defendants is **DENIED**. (ECF 34, 35).

The Court will now turn to the merits of Plaintiff's First Amendment claim. Plaintiff recharacterizes his First Amendment claim in his response and even attaches documents to support that argument, but his First Amendment claim still fails. In his response to the Logansport Defendants' motion to dismiss, Plaintiff argues that before his identity was compromised, he enjoyed his freedom of expression through posting on Facebook and YouTube to promote "peace and unity within [his] community between the citizens and a few good Haitian people." (ECF 35 at 3). After his identity was revealed, however, he argues that he cannot exercise this right because "the Haitians see [him] as an enemy." (*Id.*). He then attaches "proof of [him] exercising freedom of expression via [his] YouTube and Facebook" in the form of screenshots of his social media pages and an article about his defense of Haitians. (*Id.*).

The Logansport Defendants argue that Plaintiff "still cannot and does not provide any factual allegations that either Officer Brad Miller or Officer Frye personally

7

participated in any deprivation of his rights." (ECF 38 at 5). The State Defendants argue that Plaintiff "failed to plausibly allege any cognizable constitutional injury." (ECF 40 at 2). The Court agrees with Defendants.

Plaintiff did not allege facts to suggest that any of the remaining Defendants caused or participated in the deprivation of his constitutional rights. Plaintiff merely alleges that Defendants violated his First Amendment rights because he no longer has a social media audience now that the "Haitians see [him] as an enemy." (ECF 35 at 3). Losing social media followers as alleged by Plaintiff does not form the basis for a constitutional violation. Plaintiff has thus not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. Therefore, Defendants' motions to dismiss are **GRANTED** as to the First Amendment claim.

### C.    Failure to Supervise

Plaintiff also appears to be bringing a failure to supervise claim against the Logansport Defendants when he alleges that the Logansport Defendants' "failure to supervise their partner led" to his identity as a confidential informant being exposed. (ECF 1 at 5).

The Logansport Defendants argue that some failure to supervise claims are permissible as "a tenuous form of *Monell* liability," but Plaintiff's "pleading does not even allege a viable constitutional violation, much less a plausible constitutional violation that is the product of a policy, practice, or act of a policymaker." (ECF 21 at 5) (citing *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023)).

A plaintiff can sue local governments under Section 1983 when an official policy of that local government inflicts the injury that the government as an entity is allegedly responsible. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Under Section 1983, a local government may be liable for monetary damages if the plaintiff can show that the unconstitutional act complained of is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). Not only has Plaintiff not named a local government as a defendant but he also fails to allege sufficient facts against the Defendants he did name. There are no facts alleged that show Plaintiff experienced a constitutional injury, or that an official policy, widespread practice or custom, or official with final policy-making authority was responsible for any alleged unconstitutional act.

Additionally, as noted by the Logansport Defendants, a *Monell* failure to supervise claim would refer to the supervision of employees not the supervision of another agency. (ECF 21 at 6). Plaintiff does not plead any facts or present any argument to support an allegation that any Logansport Defendants had a duty or responsibility to supervise any of the State Defendants. Plaintiff has not met the threshold of alleging facts to push his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Rather, he just presents naked assertions, devoid of supporting facts, which is not enough to state a claim that is plausible on its

9

face. *Iqbal*, 556 U.S. at 678. Therefore, the Logansport Defendants' motion to dismiss is **GRANTED** as to Plaintiff's failure to supervise claim.

### D. State Law Claims

Plaintiff also appears to bring a breach of contract claim and a negligence claim against Defendants under Indiana law. Plaintiff alleges that when Defendants exposed his identity, it was "a breach of contract as [he] followed the rules of the agreement but they failed to fulfill their duty of protecting the identity of a confidential informant." (ECF 1 at 8). He also alleges that the State Defendants' negligence exposed his identity as an informer and the negligence of "all defendants" led to his exposure. (ECF 1 at 5).

Federal district courts only have jurisdiction over civil actions involving federal questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The complaint does not establish diversity jurisdiction and no federal questions remain. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if the Court has "dismissed all claims over which it has original jurisdiction." *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (finding that whether to decline supplemental jurisdiction is a discretionary decision). The Court has dismissed all claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction over the two remaining state-law claims. Accordingly, the case is **DISMISSED**.

### IV. OTHER PENDING MOTIONS

Also pending in this case are several other motions. Plaintiff's Motion to Request a Default Judgment (ECF 25), Motion to Enter the Defendants Default (ECF 26), Motion for Default Judgment as to Logansport Police Department, Clayton Frye, and Brad Miller (ECF 28), Motion for Default Judgment as to Defendant Ricki (ECF 30), Motion to Incorporate by Reference (ECF 36), Emergency Motion for Financial Assistance for Witness Protection (ECF 42), Motion for Interim Relief (ECF 50), and Motion to Expedite Ruling on Interim Motion (ECF 51) are all **DENIED AS MOOT** because Defendants' motions to dismiss are granted. (ECF 20, 22).

Plaintiff also filed a Motion for Substitution of Judge for Cause on August 19, 2025. (ECF 48). However, a few days later on August 22, 2025, he filed a Motion to Withdraw his Motion for Substitution of Judge for Cause. (ECF 49). Both motions are also **DENIED AS MOOT**. (ECF 48, 49).

### V. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. (ECF 20, 22). Accordingly, the case is **DISMISSED** without prejudice.

SO ORDERED on September 4, 2025.

          /s/*Cristal C. Brisco*
          CRISTAL C. BRISCO, JUDGE
          UNITED STATES DISTRICT COURT